**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Eduardo Marmolejo RIVERA,
Defendant–Appellant.**

No. 07–50163.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 14, 2008.*

Filed July 17, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

---

Michael J. Raphael, Esq., Evan J. Davis, Esq. Office of the U.S. Attorney, Los Angeles, CA, Alan Hechtkopf, Esq., U.S. Department of Justice, Washington, DC, for Plaintiff–Appellee.

Eduardo Marmolejo Rivera, Torrance, CA, for Defendant–Appellant.

Before: SILVERMAN, RAWLINSON, and M. SMITH, Circuit Judges.

R.App. P. 34(a)(2).

## MEMORANDUM **

Eduardo Marmolejo Rivera was charged with willful disobedience of a court order in violation of 18 U.S.C. § 401(3). He was convicted after a bench trial and timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

Rivera was charged with violating section (c)(12) of the permanent injunction. The plain language of *this* section simply does not prohibit him from communicating with the Department of Justice on behalf of a law client being investigated for tax evasion. He was not charged with violating any *other* section. But even if some conceivable reading of a different section of the injunction could be said to prohibit such conduct, we would be unable to conclude that Rivera had been provided with "fair and precisely drawn notice" that his representation of a client before the DOJ was forbidden under the injunction as written. *Union Pac. R.R. Co. v. Mower,* 219 F.3d 1069, 1077 (9th Cir.2000) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters,* 415 U.S. 423, 444, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974)). The injunction's failure to provide such notice defeats the finding of wilfulness that is an essential element of criminal contempt. *See United States v. Armstrong,* 781 F.2d 700, 706 (9th Cir.1986).

**REVERSED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.